ELIZABETH OLLEMAR, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION OF IRVINGTON, IN THE COUNTY OF ESSEX, DEFENDANT-APPELLANT.

Submitted May 14, 1926—Decided January 18, 1927.

**Eminent Domain—Legal Tender—Award Paid by Check of Board of Education—Plaintiff Refuses to Accept on Two Grounds, Lack of Legal Tender Nature of Payment, and Because of the Particular Endorsement Required—Defendant Claims Under the Statute That it Can Disburse Money Only by Check—Check Passed Back and Forward Several Times, and Finally Remained With Defendant—Held, That the Endorsement Required, Raised Questions of Doubt Sufficient to Justify Refusal, and That Since the Statute Requiring Payments by Check Also Required Endorsement by Person Entitled to Receive the Amount, the Verdict of the Trial Court Will Not be Disturbed.**

On appeal from the Essex Circuit Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Charles H. Stewart.*

For the respondent, *Aaron Marder.*

PER CURIAM.

The action in the trial court was to recover the amount of an award in condemnation. In January, 1920, the board of education of the town of Irvington sought to purchase for the price of $20,000 a tract of land on South Grove street, in the town, property of Elizabeth Ollemar, but the price was not acceptable to Mrs. Ollemar and condemnation was resorted to by the board; a petition to that end being filed on July 17th, 1920. This resulted in an award of $27,000 for the property, which award was filed September 29th, 1920.

The award was not paid to the owner, but a check was drawn on the 15th day of October, 1920, to the order of Mrs.

Ollemar for $27,000, and containing the endorsement "for and on account of the purchase of property corner South Grove street and Berkley Terrace." This check was later in the same month delivered to Adrian Riker, Mrs. Ollemar's attorney in the condemnation proceedings, who in turn handed it to his client. No appeal was taken from the award, nor was the check cashed. It was, however, retained by the respondent until January, 1921. In the meantime, during the month of December, 1920, Albion C. Christian, president of the board of education, learning that the check had not been cashed, called on the respondent and was told that she declined to accept the check because of the Berkley Terrace notation and that she also wanted the interest. It resulted in Christian offering to give her another check, but this she refused. Negotiations between a Mr. Frazier, a member of the bar, and the board then took place looking to an adjustment of the differences, but respondent repudiated Frazier's authority and declined to accept checks which he had received from the board. The matter dragged along, the original check passing back and forth between appellant and respondent and finally remaining in the possession of the latter. Nothing further being done the present action was brought to collect the principal of the award, with interest from July 17th, 1920. It was heard by Judge Mountain without a jury and resulted in a verdict and judgment for the plaintiff for $35,410.50, being the amount of the award with interest from its date, September 29th, 1920. From this judgment the defendant appeals.

The issue made by the pleadings was confined to that made by the plea of payment.

The question, and the only one, presented on the record is whether the giving of the check by the appellant and its receipt and retention by the respondent constituted payment. The learned trial judge held that it did not.

Appellant offers a number of reasons in support of its contention that the award was paid. The first is that it was obliged under the law to pay the award by check and not in the usual legal tender mode by delivery of cash. The con-

trolling statute it claims is the act of 1903, section 62 of article 6 of the School law of 1903, page 23, and section 184 of the same act as amended in 1915, page 644. The first applies only to city school moneys and can have no application here. The second provides that "in each school district there shall be a custodian of school moneys who shall receive and hold in trust all school moneys belonging to such school district, and shall pay out the same only on orders signed by the president and district clerk or secretary of the board of education. Each order shall specify the object for which it shall be given and shall be made payable to the order of, and shall be endorsed by the person entitled to receive the amount named therein."

In this situation it is appellant's contention that it could only pay in the manner in which it did. The difficulty with this contention is that the check was finally rejected by Mrs. Ollemar partly on account of the absence of interest, but primarily because of the endorsement; she claiming that the words "for and on account of the purchase of property corner South Grove street and Berkley Terrace" might effect a larger interest in the property than could be acquired by condemnation. We think there is much force in this objection. The statute requiring the order to specify the object also requires the endorsement by person entitled to receive the amount, and this would seem to be a valid reason for refusal on the part of Mrs. Ollemar to accept the check in that form.

It is next contended that the check itself was legal tender unless objection to for the reason that it was a check and not cash. The answer to this is that there was no plea of a tender which could affect only the running of interest and the payment of costs in any litigation to recover to award.

It is also claimed that the retention of the check of $27,000 by the respondent for a period of two months before any objection was made to it, and thereafter for a further period of one and a half months, constituted, in substance, an acceptance of the check in lieu of cash, and numerous authorities are cited which it is claimed support this contention. A number of these authorities, analyzed, pertain to the law of

tender rather than the law of payment. Some of them, however, deal with the direct effect of the retention of a check as payment of the indebtedness, such as *Columbus Life Insurance Co.* v. *National Life Insurance Co.* (*Supreme Court of Ohio*), 125 *N. E. Rep.* 664. The receipt of the check and its retention and the circumstances under which it is received and retained may well present in its effects a mixed question of law and fact. In the present case the check was received by respondent's attorney in the condemnation proceeding. It was shortly thereafter forwarded to the respondent and retained by her for approximately a period of two months. It was minus a small amount of interest computed at any date from which interest might be payable, and contained the objectionable endorsement. Whether upon receipt the respondent was obliged to affirmatively protest against its insufficiency or its improper form within that period at the peril of having the same constitute a payment in full of her award, and thereby substituting the check as a basis of liability only, we think presented at least a question of mixed law and fact for the trial judge. Inasmuch as the judge's conclusion is in favor of the respondent, plaintiff below, all findings necessary to support that judgment are necessarily findings in favor of him for whom judgment is rendered, if the evidence will support such findings. Practice act of 1912, section 75, page 255. To the findings of the trial judge, expressed or implied, there is no exception in the record, and inasmuch as our conclusion is that the judgment was justified on all the facts or blended law and facts, which it was permissible for the judge to determine under the evidence in favor of the plaintiff, the judgment should not be disturbed. *Webster* v. *Freeholders,* 86 *N. J. L.* 256.

It is accordingly affirmed.